IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00619-EWN-OES

E. LES KRYGIER and
KELLY R. KRYGIER,

Plaintiff(s),

vs.

UNITED STATES OF AMERICA

Defendant(s).

_____

RECOMMENDATION FOR DISMISSAL
OF PETITION TO QUASH SUMMONS

_____

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  August 15, 2005

Petitioners are residents of Arizona, and they are proceeding in this matter

without counsel.  I have reviewed all of the pleadings that have been filed by petitioners

with the deference that is due to them pursuant to the case law.  Haines v. Kerner, 404

U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although petitioners who proceed without counsel are entitled to a liberal reading of

their pleadings, they are not entitled to have the court act as an advocate on their

behalf.  Hall, 935 F.2d at 1110.

Petitioners have filed a "Petition to Quash Summons."  In their petition, they ask

the court to quash a summons that was served upon them by the Internal Revenue

Service, an agency of the defendant, the United States of America (henceforth, the

IRS).  The defendant branch of the IRS is based in Phoenix, Arizona.

The IRS has filed a Motion to Dismiss the petition.  On June 17, 2005, I issued a Minute Order in which I allowed petitioners until July 8, 2005, within which to respond to the Motion to Dismiss.  No response has been filed by petitioners, either by that deadline or to date.

## DISCUSSION

In its motion, the IRS asserts that this matter should be dismissed because petitioners failed to obtain proper service upon the IRS.  Specifically, it notes that petitioners are required to deliver a copy of their summons and complaint to the United States attorney for the district in which the action is brought, and are required to send a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C.  Fed.R.Civ.P. 4(i).

The return of service that is attached with the petition that has been filed in this matter reflects that the petition was served only upon the IRS in Phoenix, Arizona.  The return of service filed by petitioners reflects on its face that they have failed to obtain service upon the IRS in the manner prescribed by Rule 4(i).

## RECOMMENDATION

I therefore RECOMMEND that the Motion to Dismiss filed by the IRS [filed Jun 3, 2005] be GRANTED, and this matter be DISMISSED with prejudice.

**Advisement to plaintiffs:**  Plaintiffs are entitled to seek review or reconsideration of my recommendation by filing an "objection" within ten days.  Failure to file such an objection or appeal within ten days will result in the waiver by plaintiffs of

their right to present such an objection to the district court judge.  A complete

advisement of plaintiffs' right to appeal or object is attached to this Recommendation on

a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

Dated at Denver this day of August 15, 2005.

BY THE COURT:


 s/O. Edward Schlatter
O. Edward Schlatter
U.S. Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  FED. R. CIV. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).